UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

June 28, 2024

**LETTER ORDER**

Re:   Stephen Francis Schoeman, *et al.* v. Office of Attorney Ethics of the Supreme Court of New Jersey, *et al.*,
      Civil Action No. 23-20699-ZNQ-RLS

Dear Counsel and Pro Se Parties:

**THIS MATTER** comes before the Court upon a Motion to Dismiss ("Motion") filed by Defendants Office of Attorney Ethics of the Supreme Court of New Jersey ("OAE"), Court and Judicial Security Unit of New Jersey Courts ("CJSU"), the Honorable Chief Justice Stuart Rabner, Johanna Barba Jones, Jason Saunders, Robin Morante, and Charles Centinaro (collectively, "Defendants"). ("Motion", ECF No. 14.) Defendants filed a brief in support of their Motion. ("Moving Br.", ECF No. 14-1.) Pro se Plaintiffs Stephen Francis Schoeman ("Mr. Schoeman")[1] and Joyanne Louise Schoeman ("Mrs. Schoeman") (collectively, "Plaintiffs") oppose the Motion.[2] (*See* ECF Nos. 21–32.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motion.

Plaintiffs initiated this action by filing a Complaint on September 25, 2023.[3] ("Compl.", ECF No. 1.) As best the Court can discern, the Complaint pleads the following facts: (1) on December 6, 2021, Mr. Schoeman's biological daughter filed a complaint against Mr. Schoeman with the OAE making "allegations of felonious conduct"; (2) the OAE asked the CJSU to ban Plaintiffs from "ever emailing and/or telephoning any employee working in or for New Jersey Courts"; and (3) the OAE and NJSU denied Mr. Schoeman a hearing regarding the ban, or any constitutional right that he alleges Defendants violated. (Compl. at 3–4.) Plaintiffs allege that Defendants' conduct violated Plaintiffs' First, Fifth, Sixth, and Fourteenth Amendment rights ("Constitutional claims"), as well as the Declaration of Independence, the Magna Carta, and the United Nations Declaration of Human Rights ("UNDHR"). (*Id.* at 3.) Plaintiffs

---

[1] The Court notes that Mr. Schoeman is an attorney, but that he is appearing pro se in the present action.
[2] Plaintiffs' deadline to file any opposition to the Motion was December 19, 2023. (See ECF No. 14.) Instead of filing an opposition, Plaintiffs claimed that they were never served with the Motion. (*See* ECF Nos. 16–18.) However, on January 23, 2024, Plaintiffs filed a letter confirming receipt of the Motion. (ECF No. 19.) The next day, the Court granted Plaintiffs an extension to file any opposition to the Motion by no later than February 7, 2024. (ECF No. 20.) Between January 24, 2024 and February 28, 2024, Plaintiffs filed twelve letters and memoranda. (*See* ECF Nos. 21–32.) The submissions are neither responsive to the Motion nor to Defendants' Moving Brief, and a number of the submissions appear to relate to several other cases Plaintiffs have filed in the Superior Court of New Jersey. (*See, e.g.*, ECF Nos. 23–26, 31–32.) Though the Court gathers from the voluminous submissions that Plaintiffs oppose the Motion, the submissions are generally incomprehensible and do not substantively oppose, or even respond to, Defendants' arguments.
[3] Given Plaintiffs' failure to file a pleading with numbered paragraphs, the Court cites to the page number of the Complaint.

ask the Court to vacate their ban from emailing or calling the New Jersey Courts and to vacate the OAE's proceeding and investigation, in addition to seeking $100,000 in damages. (*Id.* at 4.)

Defendants construe the Complaint as seeking relief under 42 U.S.C. § 1983. (Moving Br. at 10.) They move to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See generally id.*) Defendants raise several arguments. First, Defendants argue that the Declaration of Independence, Magna Carta, and the UNDHR do not create viable claims for relief. (*Id.* at 10.) Second, Defendants argue that the minimal facts Plaintiffs allege are insufficient to state a claim for any of the Constitutional claims. (*Id.* at 10–12.) Finally, Defendants argue that the Complaint must be dismissed because Defendants are entitled to absolute immunity, absolute judicial immunity, and Eleventh Amendment sovereign immunity. (*Id.* at 12–17.)

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Rule 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George,* 641 F.3d 560,563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler,* 578 F.3d at 211 (quoting *Iqbal,* 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Districts courts are required to construe complaints filed by pro se plaintiffs liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

Here, the Court agrees that, although the Complaint is less than clear, Plaintiffs' intent appears to be to plead claims under 42 U.S.C. § 1983. As a first matter, the Court notes that Defendants move to dismiss the Complaint, under Rule 12(b)(6), based on various immunity grounds. Though the theories of absolute immunity and absolute judicial immunity are properly considered under Rule 12(b)(6), Eleventh Amendment sovereign immunity is properly considered under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Unfortunately, the Complaint itself makes a Rule 12(b)(1) analysis impossible because neither the Complaint nor Plaintiffs' various submissions in opposition to the Motion provide any explanation as to which claims

are being brought against which Defendants.  In fact, the Complaint itself appears to be a combination of two complaints: a complaint intended to be filed with this Court (*see* Compl. at 1–4) and a complaint intended to be filed with the Supreme Court of New Jersey (*see* Compl. at 5–7.)  Notably, Plaintiffs inconsistently name Defendants throughout the Complaint, and it is unclear which Defendants are liable for any injuries Plaintiffs allege.

Additionally, the Court and Defendants lack clarity as to whether the individually named Defendants are being sued in their individual or official capacity, or both.[4]  When, as here, the Court lacks clarity as to a plaintiff's claims, the Third Circuit has "instructed district courts to provide a plaintiff leave to amend where it is not clear from the complaint whether a state official is being sued in their individual or official capacity, but the plaintiff has voiced her intent to bring an individual-capacity suit."  *Day v. New Jersey Dep't of Corr.*, Civ. No. 21-09986, 2022 WL 170855, at *5 (D.N.J. Jan. 19, 2022) (citing *Melo*, 912 F.2d at 636).  Accordingly, the Court provides Plaintiffs thirty (30) days from the date of this Letter Order to amend their Complaint consistent with this Letter Order.

Until the Court determines whether it has jurisdiction over Plaintiffs' claims, it declines to consider Defendants' arguments that the Complaint fails to state a claim for relief under Rule 12(b)(6).  However, the Court notes that Plaintiffs allege two categories of claims: the Constitutional claims and the claims arising under the Declaration of Independence, Magna Carta, and the UNDHR.  Though the Court does not reach Plaintiffs' Constitutional claims, the Court nevertheless finds, as a matter of law, that Plaintiffs cannot assert a claim under the Declaration of Independence, Magna Carta, or the UNDHR.  *See McClees v. Urban Fin. Grp.*, Civ. No. 13-5977, 2013 WL 6501743, at *2 (D.N.J. Dec. 11, 2013) ("[T]he Declaration of Independence 'does not grant rights that may be pursued through the judicial system.'") (citing *Coffey v. U.S.*, 939 F.Supp. 185, 191 (E.D.N.Y.1996)); *Olajide v. Newsome*, Civ. No. 19-08048, 2020 WL 1171127, at *1 (N.D. Cal. Mar. 11, 2020) ("Remedy cannot be sought under the Magna Carta.  Claims for relief must be grounded in the law of the United States or, in diversity jurisdiction, the law of a state.  The Magna Carta, revered though it may be in history, is not law supporting a claim for relief."); *U.S. v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he [UNDHR] is a non-binding declaration that provides no private rights of action.").  As such, the claims arising under the Declaration of Independence, Magna Carta, and the UNDHR must be dismissed with prejudice.

---

[4] It is undisputed that "[i]ndividual state employees sued in their official capacity are . . . entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  However, "[s]ince the Supreme Court's decision in *Ex Parte Young* . . . it has been hornbook law that a state official sued in his individual capacity does not enjoy the protections of the Eleventh Amendment." *Csizmadia v. Fauver*, 746 F. Supp. 483, 488 (D.N.J. 1990) (internal citation omitted).  This is because "[i]n personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer." *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005); *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21, (1991) ("[W]here the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment.").

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 14) is hereby GRANTED.  Specifically, Plaintiffs' claims arising under the Declaration of Independence, Magna Carta, and UNDHR are DISMISSED WITH PREJUDICE.  Plaintiffs' remaining Constitutional claims are DISMISSED WITHOUT PREJUDICE.  The Court grants Plaintiffs leave to amend their Complaint within thirty (30) days from the date of this Letter Order to clarify their claims against Defendants and in what capacity the individually named Defendants are being sued.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**